Ralph M. Shaffer v. Commissioner. Estate of J. T. Dunn, Deceased, Ada Gladys Dunn, Administratrix v. Commissioner. Edward T. Bowers v. Commissioner. Edward T. Bowers and Velda M. Bowers, husband and wife v. Commissioner. Edward J. Schippacasse v. Commissioner.
Shaffer v. Commissioner
Docket Nos. 4808, 5003, 5004, 5005, 5509.
United States Tax Court
1945 Tax Ct. Memo LEXIS 103; 4 T.C.M. (CCH) 830; T.C.M. (RIA) 45273; August 7, 1945
*103 A. H. Ganger, Esq., East Ohio Gas Bldg., Cleveland, O., and A. P. Annan, Esq., 960 Leader Bldg., Cleveland, O., for the petitioners. Lawrence R. Bloomenthal, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in the petitioners' income tax as follows: Docket
No.
Petitioner
Year
Deficiency
4808
Ralph M. Shaffer
1940
$ 162.90
Ralph M. Shaffer
1941
7,824.95
5003
Estate of J. T. Dunn
1940
92.11
Estate of J. T. Dunn
1941
7,838.86
5004
Edward T. Bowers
1940
92.12
5005
Edward T. Bowers
and Velda M. Bow-
ers
1941
7,664.48
5509
Edward J. Schippa-
casse
1940
539.50
Edward J. Schippa-
casse
1941
22,544.36
In Docket Nos. 4808, 5003, 5004, and 5005 the petitioners made a single allegation of error, identical as to the amounts and years, i.e., the respondent erred in distributing certain partnership income and adding to each petitioner's income for 1940 the sum of $2,093.59, and for the year 1941 the sum of $17,140.20. In Docket No. 5509, three errors are alleged: (1) that the respondent erred in distributing certain partnership income and *104 in adding to petitioner's income for 1940 the sum of $641.50; (2) the addition of $4,000 to petitioner's 1940 income as having been received from J. T. Dunn; and (3) the addition to income of $45,690.74 as having been received from United Billiards in the year 1941. The allegations of facts are substantially identical in all five cases, to the effect that Shaffer, Bowers, Dunn and Schippacasse, as agent for the Pickwick Club, were partners in business under the name of "United Billiards", located at 44 East Market Street, Akron, Ohio; that in 1940 the profits were to be divided 25 per cent to each partner; that in 1941 the profits were to be divided 16 2/3 per cent to each Shaffer, Bowers and Dunn and 50 per cent to Schippacasse as agent for the Pickwick Club; that in each year profits were divided, tax returns filed, and taxes paid in accordance with the above percentages. Although the issues were limited, as above indicated, by the pleading, there was some discussion and some testimony as to other issues at the hearing. However, the "items of attorney's fees, parking expense, advertising, etc." (as to which there were no allegations of error or of fact) were waived by petitioners' *105 counsel at the hearing and we deem them abandoned and do not consider them. It is impossible to identify any testimony with the alleged error (2) above in Docket No. 5509 and no further mention is made of it herein. The issues presented with sufficient adequacy to justify discussion are (1) the membership of the partnership known as United Billiards; and (2), applying only to Docket No. 5509, the membership of the partnership known as the "Pickwick Club." Petitioners' contention as to the first issue is as set out in the next preceding paragraph and is that Shaffer, Bowers, Dunn and Schippacasse, as agent of the Pickwick Club, were partners in the United Billiards under an arrangement by which, in 1940, each received 25 per cent of the profits; and in 1941 Shaffer, Bowers and Dunn each received 16 2/3 per cent and Schippacasse, as agent for the Pickwick Club, received 50 per cent. The contention of petitioner in Docket No. 5509 is that the partnership in the Pickwick Club in 1940 consisted of Schippacasse, Peter Kinne and Joseph E. Kinne, each owning one-third, and that in 1941 the partners were Schippacasse, Peter Kinne and George Sargent, each owning one-third. The respondent *106 denies that Schippacasse was acting as an agent of the Pickwick Club in either year and attributes to him individually all income paid by United Billiards as the share of the Pickwick Club. Otherwise stated, the questions for decision are: Was the Pickwick Club a three-way equal partnership in 1940 and 1941 and was it a partner in United Billiards, owning 25 per cent in 1940 and 50 per cent in 1941? No question is raised as to the fact that either United Billiards or the Pickwick Club was known and operated as a partnership. Respondent inferentially admits as much and by questions of his counsel and on brief recognized the partnerships as existing. The Commissioner received the partnership returns and recognized the partnerships as the source of the income taxed to the individuals. They were informal but, none the less real, partnerships. The reason for their informality is the nature of their business. They were engaged in the gambling business, the same being illegal under the laws of Ohio. [The Facts] The facts show that Bowers and Dunn started the United Billiards gambling house in 1936 and that by 1940 they had associated with themselves as partners Shaffer and Schippacasse, *107 who was acting as agent of the Pickwick Club, another gambling house. Each of the four partners owned 25 per cent of the profits, Schippacasse receiving his share as agent of the Pickwick Club. In 1940 the Pickwick Club consisted of three partners, Schippacasse, Peter Kinne and Joseph E. Kinne, each owning one-third of the profits. At the end of December 1940, Schippacasse, as agent of the Pickwick Club, withdrew from the United Billiards partnership but by the end of January 1941 was induced to rejoin on a new profit-sharing basis. In consideration of putting up $1,500 toward the "bank-roll" of United Billiards, agreeing to stop operating a dice game at the Pickwick Club in the evening and referring prospective clients to United Billiards, the Pickwick Club was admitted to membership in the United Billiards partnership on the basis of 16 2/3 per cent to each Shaffer, Bowers and Dunn and 50 per cent to the Pickwick Club, represented by Schippacasse. The Pickwick Club placed a man named Herman in the United Billiards to look after its interests and report daily to the Club. The other three partners also had a floor man named Taylor to safeguard their interests. At the beginning of *108 1941 Joseph Kinne quit the Pickwick Club and his place in the partnership was taken by George Sargent, who put up $2,500. The above arrangement continued throughout the remainder of 1941, at which time the Pickwick Club again withdrew from the United Billiards. Distributions of profits were made in accordance with the above arrangements, both as to United Billiards and as to the Pickwick Club. In 1940 Schippacasse, as agent of the Pickwick Club, received 25 per cent of the profits of United Billiards, which sum was in turn distributed in three equal shares to Schippacasse, Peter Kinne and Joseph Kinne. In the same year Shaffer, Bowers and Dunn each received 25 per cent of the profits from United Billiards. In 1941 Schippacasse, as agent of the Pickwick Club, received 50 per cent of the profits of United Billiards, which he distributed equally to Peter Kinne, Sargent and himself. Shaffer, Bowers and Dunn received 16 2/3 per cent each from United Billiards in 1941. The long and short of the factual situation is that the record in these cases requires us to sustain the petitioners. The oral testimony is all consistent with petitioners' allegations and is supported by the records of *109 United Billiards. The respondent inferentially concedes that if the record be taken at its face, petitioners must prevail but he argues, largely because the petitioners were engaged in the gambling business, that full credence is not to be accorded to the testimony. We have examined the record with especial care and find no basis for discounting the same or disbelieving the witnesses. Each witness was subjected to exhaustive cross-examination without shaking his testimony in chief. We find the record entirely adequate to support the conclusion above announced. Decisions will be entered under Rule 50.